

KC **FILED**
DEC 2 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE SHADUR

MAGISTRATE JUDGE VALDEZ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   07 CR 733 |
| v. | ) | Violations: Title 18, United States Code Sections 371, 1960, and 2; Title 31, United States Code, Sections 5313(a) and 5324(a)(3). |
| OLUBUNMI MASHA | ) | |

## COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1.  At all times material to this indictment, Title 31, United States Code, Section 5313(a) and Title 31, Code of Federal Regulations, Section 103.22 required domestic financial institutions to prepare and file with the Internal Revenue Service a Currency Transaction Report (Form 4789) for any transaction involving currency of more than $10,000.

2.  At all times material to this indictment, Bank of America and Washington Mutual Bank were domestic financial institutions subject to the Currency Transaction Reporting requirements described in the preceding paragraph.

3.  At all times material to this Count, HomeAccess, Inc. ("HomeAccess"), was an unlicensed money transmission business with headquarters at 4126 Pleasantdale Road, Suite B215, Atlanta, Georgia 30340, and OLUBUNMI MASHA, defendant herein, was Chief Executive Officer and manager of HomeAccess.

### General Conspiracy Allegations

4. From in or about November 2005 to November 2007, in the Northern District of Illinois, and elsewhere,

OLUBUNMI MASHA,

defendant herein, did conspire with other persons, known and unknown to the Grand Jury, knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and regulations prescribed thereunder, to structure and assist in structuring transactions at domestic financial institutions by depositing and causing the deposit of United States currency in amounts under $10,000, in violation of Title 31, United States Code, Section 5324(a)(3).

5. The object of the conspiracy was for defendant and other persons, through HomeAccess, to collect and deposit varying amounts of bulk currency without causing the reporting of the transactions as required by Title 31, United States Code, Section 5313(a), and regulations prescribed thereunder. This object was accomplished by depositing the funds in multiple transactions, each deposit in an amount under $10,000.

### Overt Acts

6. In furtherance of the conspiracy, and to effect the objects thereof, defendant, together with other persons known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the Northern District of Illinois, Eastern Division, and elsewhere:

    a. In or about March 2006, defendant did structure, assist in structuring, and attempt to structure the deposit of $25,000 in currency by causing it to be split into six deposits as follows, each deposit constituting a separate overt act:

| Date | Deposit | Bank | Location of Branch |
|---|---|---|---|
| March 2, 2006 | $5,000 | Washington Mutual | Chicago, Illinois |
| March 2, 2006 | $4,450 | Washington Mutual | Chicago, Illinois |
| March 9, 2006 | $9,450 | Bank of America | Chicago, Illinois |
| March 9, 2006 | $850 | Bank of America | Chicago, Illinois |
| March 9, 2006 | $5,250 | Bank of America | Chicago, Illinois |

    b.    On March 9, 2006, regarding the financial transactions described in paragraph 6.a. above, Individual A met with another individual (Individual B) in Chicago, Illinois.

    c.    On March 9, 2006, regarding the financial transactions described in paragraph 6.a. above, defendant spoke to Individual B on the telephone, and Individual B was then in Chicago, Illinois.

    d.    In or about April 2006, defendant did structure, assist in structuring, and attempt to structure the deposit of $40,000 in currency by causing it to be split into five deposits as follows, each deposit constituting a separate overt act:

| Date | Deposit | Bank | Location of Branch |
|---|---|---|---|
| April 20, 2006 | $9,000 | Bank of America | Atlanta, Georgia |
| April 20, 2006 | $7,000 | Bank of America | Atlanta, Georgia |
| April 20, 2006 | $9,000 | Bank of America | Atlanta, Georgia |
| April 24, 2006 | $9,500 | Bank of America | Atlanta, Georgia |

    e.    In or about June 2006, defendant did structure, assist in structuring, and attempt to structure the deposit of $40,000 in currency and caused the following currency deposits, each of which constitutes a separate overt act:

| Date | Deposit | Bank | Location of Branch |
|---|---|---|---|

| | | | |
|---|---|---|---|
| June 27, 2006 | $7,000 | Bank of America | Chicago, Illinois |
| June 27, 2006 | $8,000 | Bank of America | Chicago, Illinois |

    f.    In or about March 2007, in Atlanta, Georgia, and elsewhere, defendant did structure, assist in structuring, and attempt to structure the deposit of $50,000 in currency by causing it to be split into deposits of less than $10,000, and on or about March 7, 2007, at Atlanta, Georgia, defendant received from Individual A $50,000 in currency for that purpose.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. Paragraphs 1 and 2 of COUNT ONE of this indictment are realleged in this count.

2. On or about March 2, 2006, and March 9, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUBUNMI MASHA,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and regulations prescribed thereunder, did structure, assist in structuring, and attempt to structure a quantity of $25,000 in currency at Bank of America and Washington Mutual Bank by depositing and causing the deposit of United States currency in amounts under $10,000 in separate transactions;

In violation of Title 31, United States Code, Section 5324(a)(3) and (d)(1), and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

From in or about January 2004 to November 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUBUNMI MASHA,

defendant herein, did knowingly conduct, control, manage, supervise, and direct an unlicensed money transmitting business, affecting interstate and foreign commerce, namely, HomeAccess, Inc., with headquarters at 4126 Pleasantdale Road, Suite B215, Atlanta, Georgia 30340, which operated without a license, in violation of the laws of the States of Georgia and Illinois, and which involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and that were intended to be used to promote and support unlawful activity;

In violation of Title 18, United States Code, Sections 1960 and 2.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY alleges:

1. The allegations of Count Three of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982.

2. As a result of her violation of Title 18, United States Code, Section 1960, as alleged in the foregoing Indictment,

OLUBUNMI MASHA,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest she may have in any property, real and personal, traceable to the property involved in the operation of an unlicensed money transmitting business, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

3. The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), include, but are not limited to:

   a. $8,143,000 and

   b. Real Property located at 850 Melrose Park Place; Lawrenceville, Georgia 30044; the legal description of which is: all that tract or parcel of land lying and being in Land Lot 38 of the 7th District, of Gwinnett County, Georgia, and being Lot 36, Block A of Melrose Park, as per Plat recorded in Plat book 88, page 219-220 of Gwinnett County, Georgia records.

4. By virtue of the commission of the offense charged in Count Three of this Indictment by the defendant, all right, title or interest that defendant has in the above-described property is vested in the United States and hereby forfeit pursuant to Title 18,

United States Code, Section 982(a)(1).

5. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value;

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY