IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   07 CR 733 |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| OLUBUNMI MASHA | ) | |

GOVERNMENT'S RESPONSE TO MOTION FOR RELEASE

The UNITED STATES OF AMERICA by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds as follows to Defendant Masha's Motion For Release From Custody.  As indicated orally in court, the government relies primarily on the findings made by Magistrate Judge Vineyard in the Northern District of Georgia.  The government makes the following additional points:

1. Regarding the allegation that Judge Vineyard indicated that his decision was based in part on the fact that the case would be transferred to the Northern District of Illinois, the DEA agent present for the detention hearing does not recall that Judge Vineyard made such a statement.  In any event, the statement either will or will not appear on the tape of the hearing that the Court will review.

2. Defendant states in her motion, and she repeated orally through her attorney in court, that defendant's "father, two brothers and a sister all live in the United States and except for one brother, all of her family members are United States citizens." Motion at 1-2. Defendant further alleged in court that the one brother who was not a United States citizen was applying for citizenship.  In contrast, defendant told the Pre-Trial Services Officer in Georgia that "her father, Josephe Ayeni resides in Nigeria.  She [Defendant] advises she has three brothers, and two sisters, residing in Nigeria, with the exception of

one brother residing in Chicago, Illinois." *See* Pre-Trial Services Report ("PTSR") N.D. Ga. at 1, attached to PTSR N.D. Ill.  Further, the brother residing in Chicago, Olugbenga Ayeni, is present in the United States illegally and is now the subject of a deportation proceeding. Defendant's inconsistent and inaccurate statements about her family reflect adversely on her honesty and reliability, character traits that are relevant to the Court's assessment of whether she will abide by conditions of release.

3. In court defendant stated that the Hummer automobile she shipped to Nigeria was for another person.  This may be true, but, in addition, defendant stated during the investigation (as found by Judge Vineyard) that she needed to have a car in Nigeria.  If the car needed in Nigeria was not the Hummer, it was another car.

WHEREFORE, the government respectfully requests the Court to deny defendant's Motion For Release.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/ Barry R. Elden
        BARRY RAND ELDEN
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois  60604
        (312) 353-3540

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing document:

GOVERNMENT'S RESPONSE TO MOTION FOR RELEASE

was, on January 17, 2008 served pursuant to the district court's ECF system as to ECF filers.

          By:    /s Barry R. Elden
                  BARRY RAND ELDEN
                  Assistant United States Attorney
                  219 South Dearborn Street
                  Chicago, Illinois 60604
                  (312) 353-3540