UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 CR 733 |
| ) | |
| v. ) | Judge Milton I. Shadur |
| ) | |
| OLUBUNMI MASHA , ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISCLOSE IDENTITY**
**OF CONFIDENTIAL INFORMANT**

The Defendant, Olubunmi Masha, through her undersigned attorney, Scott J. Frankel, moves this Court for an order requiring the Government to disclose the identity of its Confidential Informant. In support thereof, Defendant states as follows:

1. On December 20, 2007, a three count indictment was filed against Defendant, charging her with violations of federal currency transaction laws and conspiracy.

2. The Government has alleged that Defendant has engaged in illegal structuring of financial transactions in order to avoid federal currency reporting laws. Specifically, the Government alleges that Defendant operated a business that assisted individuals in avoiding the Internal Revenue Service requirement to file a Currency Transaction Report (Form 4789) for any transaction involving currency of more than $10,000. The alleged illegal transactions occurred in March through June of 2006 and involved cash transfers to Nigeria purportedly requested by the Confidential Informant.

3. The Government's investigation against Defendant therefore relied heavily on the cooperation of the Confidential Informant. The Confidential Informant engaged in multiple currency transactions with Defendant, and recorded numerous conversations with Defendant.

3. The testimony of the Confidential Informant is therefore not merely relevant to the Government's case, but will be central to the prosecution of Defendant.

4. The Defendant can show a compelling need to produce the Confidential Informant that outweighs the public's interest in non-disclosure. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994); *Roviaro v. United States*, 353 U.S. 53 (1957). The Supreme Court has instructed courts to balance the defendant's asserted need against the government's interest, considering "the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors" in determining whether to order disclosure. *Roviaro*, 353 U.S. at 62. A defendant must establish that the disclosure of the informant's identity is either "relevant and helpful" to his defense or "essential to a fair determination of a cause." *Roviario*, 353 U.S. at 60-61; *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001).

5. The Confidential Informant in this case will play a pivotal role in the Government's case. Discovery indicates that the Informant's involvement with the Defendant forms the backbone of the Government's case against Defendant. Defendant should know the Confidential Informant's true identity prior to trial in order to attempt to interview the Informant and prepare a defense to the charges against Defendant.

6. Disclosure raises no risk to the Confidential Informant as this case involves purely financial matters and there is no allegation or suggestion in the discovery of any violence associated with the Defendant whatsoever. If the Court has reservations concerning full

disclosure of the Informant's identity to the defense, counsel respectfully suggests that disclosure can be made to defense counsel only, and any interview of the Informant can be conducted in the United States Attorneys Office.

7.  It is therefore respectfully requested that the Government be ordered to identify the Confidential Informant in this case, and provide the Confidential Informant's current address so that the defense can interview the Confidential Informant in preparation for trial, or in the alternative, produce the Confidential Informant for an interview at the offices of the United States Attorney in Chicago.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that the Defendant's Motion to Disclose the Identity and Address of Confidential Informant be granted in whole or in part as suggested in the foregoing motion.

Respectfully submitted,

/s/ Scott J. Frankel
Defendant's Attorney

Scott J. Frankel
Frankel & Cohen
77 W. Washington #1720
Chicago, Illinois 60602